the action is still pending, and the defendant is entitled to a retrial; and the court should have granted the motion restoring the cause to the calendar.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted. All concur.

---

(117 App. Div. 423)

## BUCCOLO v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. Costs—Security—Suit in Forma Pauperis—Order—Service.

Where an order permitting plaintiff to sue in forma pauperis was in force when an ex parte order was made requiring plaintiff to give security for costs, though the order permitting plaintiff to sue as a poor person had never been served on defendant, it was the duty of the court, on its attention being called to the poor person order, to vacate its order requiring security.

2. Same—Orders—Vacation.

An order permitting plaintiff to sue as a poor person could only be vacated on a motion regularly made for that purpose.

Appeal from Special Term, New York County.

Action by Constantino Buccolo, by Theresa Buccolo, his guardian ad litem, against the New York Life Insurance Company. From an order denying plaintiff's motion to vacate an ex parte order requiring plaintiff to give security for costs, plaintiff appeals. Reversed, and order vacated.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Morris E. Gossett, for appellant.
Louis Cohn, for respondent.

INGRAHAM, J. This action is brought to recover for personal injuries alleged to have been sustained by the infant plaintiff by the negligence of the defendant. It was commenced by the service of a summons and complaint on the 29th day of July, 1903, and issue was joined by the service of the defendant's answer on the 11th of August, 1903. Immediately after the action was commenced the defendant endeavored to ascertain the residence of the plaintiff and his guardian without success. The case was then brought on for trial, which resulted in a disagreement by the jury. On the trial it appeared that the plaintiff, and also his guardian ad litem, had, after the commencement of this action, left the state of New York, and then resided in Jersey City, in the state of New Jersey. Upon these facts an ex parte application was made for an order requiring the plaintiff to give security for costs, which was granted, whereupon the plaintiff moved to vacate that order upon the ground that before the action was commenced an order had been entered allowing the plaintiff to sue as a poor person. This motion was denied, and the plaintiff appealed.

No copy of the order allowing the plaintiff to sue as a poor person had been served upon the defendant; but as long as that order re-

mained in force no costs could be awarded against the plaintiff, and therefore no order requiring the plaintiff to give security for costs was proper. The nonservice of this order upon the defendant did not invalidate it; and the ex parte order requiring the plaintiff to give security for costs, upon the attention of the court being called to the fact that there was an order in existence allowing the plaintiff to sue as a poor person, should have been vacated. The order allowing the plaintiff to sue as a poor person could only be vacated upon motion regularly made for that purpose. It could not be disregarded, and as long as it stood no order should have been granted requiring the plaintiff to give security for costs.

The order should therefore be reversed, with $10 costs and disbursements, and the order vacating the ex parte order requiring the plaintiff to give security for costs vacated, without prejudice, however, to a motion by the defendant to vacate the order allowing the plaintiff to sue as a poor person, and, should that order be vacated, to apply for an order requiring the plaintiff to give security for costs. All concur.

---

(117 App. Div. 523)

### In re RUBENS' WILL.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

WILLS—PROBATE—APPLICATION—AMENDMENT.

Appeal from Order of Surrogate, New York County.

Application by one of the executors of the alleged will of Charles Rubens (also known as Samuel Woog), deceased, for the proof of such instrument as a will of real and personal property. From a surrogate's order denying proponent's application for leave to amend his petition, he appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Paul Fuller, for appellant.
J. Woolsey Shepard, for respondents.
Delos McCurdy, for Jennie King and Marie H. Seeligman, legatees.